UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARIQ COFFEY,<br>        Plaintiff,<br>    v.<br>COUNTY OF ALAMEDA, et al.,<br>        Defendants. | Case No. 4:24-cv-06837-KAW<br><br>**ORDER GRANTING MOTION TO APPROVE COMPROMISE OF AN INCOMPETENT PERSON'S CLAIMS**<br><br>Re: Dkt. No. 34 |

On August 27, 2025, Plaintiff Tariq Coffey, by and through his guardian ad litem, Jamilah Coffey, filed an unopposed motion to approve the Parties' settlement agreement.

On October 16, 2025, the Court held a hearing, and, for the reasons set forth below, GRANTS the motion for approval.

## I. BACKGROUND

On September 28, 2024, Plaintiff Tariq Coffey filed a complaint alleging federal and state law-based excessive force claims against Alameda County deputies arising from an incident at Santa Rita Jail. (Compl., Dkt. No. 1.)

In March 2025, Plaintiff suffered a serious, traumatic brain injury (unrelated to the underlying litigation) that rendered him incompetent to make legal decisions regarding his case and left him permanently disabled. (Decl. of Jamilah Na'Imah Coffey, Dkt. No. 30-1 ¶ 3.) On June 25, 2025, Plaintiff filed a petition to appoint Jamilah Coffey, Mr. Coffey's biological sister, as his guardian ad litem. (Dkt. No. 30.) On June 26, 2025, the Court granted the petition and appointed Jamilah Coffey as guardian ad litem for Plaintiff Tariq Coffey. (Dkt. No. 31.)

On July 2, 2025, the parties attended a settlement conference before United States Magistrate Judge Sallie Kim with guardian ad litem Jamilah Coffey present and representing

Plaintiff's legal interests and decision. (Minute Entry, Dkt. No. 32.) With Judge Kim's assistance, the parties came to a settlement in principle pending the execution of a written release and court approval of the settlement because it involves an incompetent party. (Decl. of Patrick Buelna, "Buelna Decl.," Dkt. No. 34-1 ¶ 2.)

On August 27, 2025, Plaintiff filed an unopposed motion for approval of the settlement of an incompetent party's claims. (Pl.'s Mot., Dkt. No. 34.) No opposition was filed.

## II.   LEGAL STANDARD

Courts have a special duty to safeguard the interests of litigants who are minors or incompetents in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). "[T]his special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the [incompetent plaintiff].'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

Courts reviewing the settlement of such a claim should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. In evaluating the plaintiff's net recovery, the Court should not consider the proportion of the total settlement designated for plaintiff's counsel, "whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery" to the incompetent plaintiff "is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Robidoux*, 638 F.3d at 1182.

*Robidoux*, however, is limited to cases involving the settlement of federal claims. *Id.* at 1181–82. Not surprisingly, an incompetent person's settlement of state law claims also requires court approval. *See* Cal. Prob. Code §§ 3601 *et seq.* The court must evaluate the reasonableness of the settlement and determine whether the compromise is in the best interest of

1  the incompetent person. *A.M.L. v. Cernaianu,* No. LACV1206082JAKRZX, 2014 WL 12588992,
2  at *3 (C.D. Cal. Apr. 1, 2014) (citations omitted). In doing so, the Court is afforded "broad power
3  ... to authorize payment from the settlement—to say who and what will be paid from the minor's
4  money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App.
5  4th 1378, 1382 (Cal. Ct. App. 1994); *see also Pearson v. Superior Court*, 136 Cal. Rptr. 3d 455,
6  459 (Cal. Ct. App. 2012) (purpose of court approval requirement is to "allow[ ] the guardians [ ] to
7  effectively negotiate a settlement while at the same time protect[ing]" the incompetent person's
8  interest by mandating court approval).

### III.   DISCUSSION

Since some substantive claims are governed by California law, the Court will review the settlement under the state standard, which focuses on the best interests of the incompetent person. Nonetheless, to ensure that all relevant factors are considered, the Court will also apply the *Robidoux* standard of determining whether the net amount distributed to the incompetent plaintiff, without regard to the proportion allocated to attorney fees, is "fair and reasonable." *See A.M.L.*, 2014 WL 12588992, at *3 (finding it unnecessary for the court to resolve whether *Robidoux* or state rules applied to approval of the compromise in case involving state tort law claims, because the proposed settlement would satisfy both standards).

Here, the parties agreed to settle this case for $75,000 inclusive of attorneys' fees and costs. (Pl.'s Mot. at 3; Decl. of Patrick Buelna, "Buelna Decl.," Dkt. No. 34-1 ¶ 3.)

### A.   Proposed Net Settlement for Mr. Coffey

Of the $75,000 settlement, the contingency fee agreement signed by Mr. Coffey provides that he receive 60% of any recovery minus any legal costs advanced by counsel. (*See* Buelna Decl. ¶ 4.) Counsel advanced costs in the amount of $819.60. (Buelna Decl. ¶¶ 5-6, Ex. 1.) Thus, Plaintiff's net settlement amount is $44,180.40. (*See ids.; see also* Pl.'s Mot. at 3.)

In reviewing a motion for approval of a settlement involving an incompetent person, "courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts." *J.T. by*

3

*& Through Wolfe v. Tehachapi Unified Sch. Dist.*, No. 16-cv-01492-DAD-JLT, 2019 WL 954783, at *2 (E.D. Cal. Feb. 27, 2019). Taking these considerations into account, the Court finds that Mr. Coffey's net recovery to be fair and reasonable under the circumstances.

First, the proposed settlement allows for the certainty of recovery by Mr. Coffey, as opposed to the uncertainty associated with a jury trial. This is particularly true given Mr. Coffey's recent inability to be directly involved in the prosecution of his case due to his traumatic brain injury. The parties reached a settlement before having to accrue the significant fees or costs associated with preparing for trial, and the settlement amount is consistent with other settlements in this district involving plaintiffs allegedly injured by law enforcement officers during in-custody interactions or traffic stops. (*See* Pl.'s Mot. at 6 (collecting cases).) Therefore, the Court finds that it is in the best interest of Mr. Coffey to avoid protracted litigation and the burden, expense, and uncertainty of taking the case to trial.

Accordingly, the Court finds that the proposed settlement amount to be disbursed to Mr. Coffey is fair and reasonable under both California and federal law.

### B.  Attorneys' Fees and Costs

Next, Plaintiff's counsel seeks to recover $30,000 in attorneys' fees and costs, plus the amount of the advanced costs of $819.60, in accordance with the contingency fee agreement Mr. Coffey signed before becoming incapacitated. (Pl.'s Mot. at 3; Buelna Decl. ¶ 4.) The contingency fee agreement specifically entitled counsel to 40% of any recovery, plus any advanced costs. (Buelna Decl. ¶ 4.)

In California, courts are required to approve the attorney fees to be paid for representation of an incompetent person. *See* Cal. Prob. Code § 3601 (courts must approve "reasonable expenses ... including ... attorney's fees."). "[U]nless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a [ ] person with a disability." Cal. Rules of Court, rule 7.955(a)(1). To assess whether a request for attorneys' fees is reasonable, the court may consider various factors under Rule 7.955(b) including:

> (1) The fact that a person with a disability is involved and the circumstances of the person with a disability;

4

      (2) The amount of the fee in proportion to the value of the services performed;

      (3) The novelty and difficulty of the questions involved and the skill required to perform the legal services properly;

      (4) The amount involved and the results obtained[;]

      (5) The experience, reputation, and ability of the attorneys performing the legal services[;]

      (6) The time and labor required[;]

      (7) The informed consent of the representative of the disabled person to the fee; and

      (8) Whether the fee is fixed, hourly, or contingent, and, if it is contingent, the risk of loss borne by the attorney and the amount of costs advanced by the attorney.

*Rainey v. Cnty. of San Diego*, No. 3:19-cv-01650-AHG, 2025 WL 2549434, at *4-5 (S.D. Cal. Sept. 4, 2025) (citing Cal. Rules of Court, rule 7.955(b)).

      Here, Plaintiff's counsel seeks 40% of the gross recovery pursuant to the contingency fee agreement. (Pl.'s Mot. at 3.) The Court finds this percentage reasonable for several reasons. First, Mr. Coffey agreed to this percentage prior to his incapacity. (Buelna Decl. ¶ 4.) Second, as discussed above, the recovery is in line with similar cases in this district. *See* discussion, *supra,* Part III.A. Third, this case involved over 50 hours of legal work. (*See* Pl.'s Mot. at 8.) Fourth, the Court notes that Plaintiff's counsel has significant experience in police conduct matters, and they almost exclusively litigate cases involving 42 U.S.C. § 1983. *Id.* Fifth, Plaintiff's counsel took the case on a contingency fee basis that bore the risk of recovering nothing in the event of an adverse outcome. Sixth, Plaintiff's counsel advanced $819.60[1] in litigation costs, which included payment of the filing fee, the cost of service of the complaint and summons, and the cost of subpoenaing medical records. (*See* Buelna Decl. ¶¶ 5-6, Ex. 1.)

      Given the experience of Plaintiff's counsel, the time spent on this matter, the recovery achieved, and the risks of litigating on a contingent basis, the Court finds that the requested

---

[1] The Court notes that the motion states two different amounts of advanced costs. (*See, e.g.,* Pl.'s Mot. at 3, 9.) The supporting declaration of Patrick Buelna includes an itemized list of costs that totals $819.60, so, for the purposes of this motion, the Court relies on the amount set forth in the supporting declaration. (*See* Buelna Decl. ¶¶ 5-6, Ex. 1.)

amount of attorneys' fees and costs is reasonable and does not suggest that the settlement is unfair.

### C. Method of Distribution

Mr. Coffey is still recovering from his injuries and deficits to his short- and long-term memory persist. (*See* Pl.'s Mot. at 10.) Guardian ad litem Jamilah Coffey is Mr. Coffey's primary caregiver and, at the time the motion was filed, his in-home health support services have not been approved. *Id.* Thus, Plaintiff requests that the net settlement proceeds be distributed by providing Jamilah Coffey a one-time, lump sum payment of $3,000 to provide for Mr. Coffey's care, and to have the balance deposited into a blocked, insured account with monthly disbursements of $750 on the first of each month to help defray his living expenses. *Id.* The Court finds that Plaintiff's disbursement proposal comports with California Probate Code § 3611, and, therefore, finds that it is fair and reasonable.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's unopposed motion to approve the settlement, and ORDERS that the funds be disbursed as follows:

1. A total of $44,180.40 will be provided to Jamilah Coffey for the benefit of Tariq Coffey. Of those funds, a one-time, lump sum of $3,000 will be provided directly to Jamilah Coffey for the benefit of Tariq Coffey. The remaining $41,180.40 must be deposited into an insured, blocked account in a financial institution in the State of California. On the first of each month, a monthly disbursement of $750 will be paid to Jamilah Coffey (for the benefit of Tariq Coffey) from the insured blocked account until all funds are exhausted.

2. Attorneys' fees and costs will be paid to Pointer & Buelna, LLP by separate check made payable to "Pointer & Buelna, LLP" in the amount of $30,819.60.

IT IS SO ORDERED.

Dated: October 17, 2025

KANDIS A. WESTMORE
United States Magistrate Judge